UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-20355-JLK

JANET COWLEY SANCHEZ,

    Plaintiff,
v.

RESI SFR SUB, LLC,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss (the "Motion") (DE 12), filed on June 8, 2022. Plaintiff has not filed a response and the time to do so has passed.

**I.     BACKGROUND**

On May 13, 2021, Plaintiff filed her Complaint in state court claiming negligence stemming from her allegedly slipping and falling at a rental home in Miami owned by Defendant. *See* Compl., DE 1-3 at 4. On February 2, 2022, Defendant removed this case to federal court upon discovering that there was complete diversity. *See* Not. of Removal, DE 1.

On April 14, 2022, Plaintiff's counsel filed his amended motion to withdraw arguing that the attorney client relationship was no longer possible. *See* DE 10. The motion was referred to Magistrate Judge Damian (*See* DE 6 referring the original motion to withdraw (DE 3)) who granted the motion and relieved counsel of further responsibility in this case. *See* DE 11. Additionally, Magistrate Judge Damian ordered Plaintiff to "notify the Court of whether she intends to proceed *pro se* or if she has retained counsel" by May 31, 2022. *Id*. at 2. Magistrate Judge Damian's order further warned Plaintiff that if she failed to notify the Court, her case may be subject to sanctions

including dismissal. *See id*. On June 8, 2022, after the expiration of the deadline for Plaintiff to notify the Court as to the status of her legal representation, Defendant filed its instant Motion to Dismiss. *See* Mot.

## II. DISCUSSION

The Eleventh Circuit has commented that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted). The district court has authority under Fed. R. Civ. P. 41(b) to dismiss a case based upon a party's failure to comply with court orders. *Id*. Dismissal is a sanction of last resort and "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay . . . ." *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citation omitted). However, "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (citation omitted).

Defendant argues that "[a]s of the date of this Motion, there has been no formal appearance on behalf of Plaintiff and Ms. Sanchez has not filed a *pro se* consent form." Mot. at 2. The Court agrees and finds that Plaintiff did not notify the Court of the status of her representation by May 31, 2022. Therefore, Plaintiff has failed to comply with this Court's Order. Further, Plaintiff's failure was willful because Plaintiff was forewarned about a potential dismissal in Magistrate Judge Damian's Order (DE 11) and did not comply.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Dismiss **(DE 12)** be, and the same hereby is, **GRANTED. IT IS FURTHER ORDERED** that

Plaintiff's Complaint **(DE 1-3)** is hereby **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Order**.** The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 14th day of July, 2022.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc:**   **All counsel of record**
    **Clerk of the Court**